**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**


CHARLES H. FOLKMAN, et al.,

        Plaintiffs,

      v.                      Civil No. 05-2099 (RBK)
                                    (Docket Entry Nos. 7 & 13)

ROSTER FINANCIAL LLC, et al.,

        Defendants.

_____


ROBERT FISHER, et al.,

        Plaintiffs,

      v.                      Civil No. 05-2242 (RBK)
                                    (Docket Entry Nos. 8 & 14)

ROSTER FINANCIAL LLC, et al.,

        Defendants.

_____


EDWARD LATACZ, et al.,

        Plaintiffs,

      v.                      Civil No. 05-2243 (RBK)
                                    (Docket Entry Nos. 8 & 14)

ROSTER FINANCIAL LLC, et al.,

        Defendants.

_____

JAMIE LEAFEY, et al.,

        Plaintiffs,

      v.                          Civil No. 05-2244 (RBK)
                                          (Docket Entry Nos. 7 & 13)

ROSTER FINANCIAL LLC, et al.,

        Defendants.

_____

GARY SAUNDERS, et al.,

        Plaintiffs,

      v.                          Civil No. 05-2245 (RBK)
                                          (Docket Entry Nos. 7 & 13)

ROSTER FINANCIAL LLC, et al.,

        Defendants.

## **O P I N I O N**

**KUGLER**, United States District Judge:

        This Opinion will address five identical motions to dismiss that Defendants ING Financial Partners and Locust Street Securities filed in five separate cases.  The five Complaints and the current motions, including the briefs in support of and in opposition to the motions, are all identical.  Thus, it is appropriate to address the motions and the Complaints collectively in this single Opinion.  For the reasons that follow, the Court will

not dismiss the Complaints.  Rather, Plaintiffs will be ordered to replead their Complaints

in a manner that conforms to this Opinion and the Federal Rules of Civil Procedure, under

pain of dismissal.

## I. INTRODUCTION

Plaintiffs in this case are the Folkmans (Charles and MaryLou), the Fishers

(Robert and Christine), the Lataczes (Edward and Patricia), the Leafeys (Joanne, and John

Jr. along with their children Jacqueline, John III, and Jamie), and the Saunderses (Gary

and Nancy).  Each family filed separate but identical Complaints in the Superior Court of

New Jersey, Law Division, Camden County against Roster Financial LLC, Christopher

John Malmstrom, Metropolitan Life Insurance Co., MetLife Securities, Inc., ING

Financial Partners, Inc., Locust Street Securities, Inc., and USAllianz Securities, Inc..

The Complaints center almost entirely on the alleged fraudulent acts, statements, and

omissions of Gary S. Tunnicliffe, now a convicted felon.[1]  Defendants removed each case

to federal court based on the existence of a federal question created by the allegations in

each Complaint that Defendants violated several federal securities laws.

According to the Complaints, Tunnicliffe began working for MetLife in

1996, after being terminated from the West Deptford Township Police Department.

While employed by MetLife, Tunnicliffe obtained a license to sell insurance and a Series

---

[1]  Tunnicliffe is not a Defendant in this case.

6 license, which permits one to sell a limited group of securities products.  In March of

2000, Tunnicliffe left MetLife and began working for Roster Financial and Locust Street.

His employment with Locust Street, but apparently not Roster Financial,[2] ended in

January of 2001.  About that time, but possibly as early as December of 2000, Tunnicliffe

began working for USAllianz.  Tunnicliffe remained with USAllianz through April or

May of 2003.

At some unspecified times, Tunnicliffe offered Plaintiffs the opportunity to

invest in investment products that guaranteed a higher rate of return than Plaintiffs were

earning.  Apparently, however, these investment products did not exist.  Tunnicliffe, it

appears, kept the money himself, all the while providing Plaintiffs false account

statements and other forged documents.  The salient allegation in the Complaints, one that

pervades most of the legal theories advanced by Plaintiffs, is that all of the named

Defendants failed to properly supervise and monitor Tunnicliffe's activities while he was

their employee.  As is now clear from Plaintiffs' briefs in opposition to the current

motions, Plaintiffs also intend to proceed on theories of vicarious liability.  The more

specific allegations in the Complaints will be incorporated into the discussion to follow,

---

[2]  The relationships between the several financial services companies that are included as
Defendants in this case are not clear from the Complaints.  Though it does not appear Roster
Financial and Locust Street are related companies, the Complaints allege Tunnicliffe was
simultaneously employed by the two companies.  Additionally, from the Complaints it appears
ING Financial is affiliated with Locust Street, but it is not clear how, exactly.  These details,
though essential to an understanding of this case as it progresses, are not especially important for
the purpose of deciding the motions that are currently pending.

where appropriate.


## II.  STANDARD FOR 12(b)(6) MOTION

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiffs' allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir.1994)). The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief.  Burstein v. Retirement Account Plan for Employees of Allegheny Health Education and Research Foundation, 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).


## III.  DISCUSSION

ING and Locust Street advance several arguments in support of their motions to dismiss Plaintiffs' Complaints.  The arguments are both general and specific. There are four specific arguments.  First, ING and Locust Street argue that Counts I and II fail to meet the requirements of Federal Rule of Civil Procedure 9(b)–that allegations of fraud be pled with particularity.  Second, they contend that Count III fails to meet both the pleading requirements of Rule 9(b) and the pleading requirements imposed by the Private Securities Litigation Reform Act ("PSLRA"), at 15 U.S.C. §§ 78u-4(b)(1) &

5

(b)(2).  Third, they argue that Count IV does not state a claim because the allegations in that Count are based on violations of the rules of private stock exchanges, which do not give rise to a cause of action.  The last specific argument of ING and Locust Street is that Count XII fails to state a claim under the New Jersey Consumer Fraud Act because securities fraud is not actionable under that statute.

Regarding the remaining Counts in Plaintiffs' Complaints, ING and Locust Street argue that the allegations in those Counts are overly ambiguous and are therefore insufficient to meet even the liberal pleading standards of Federal Rule of Civil Procedure 8(a).  Though the Court will decline to address whether the Complaints in this matter satisfy Rule 8(a), this argument by ING and Locust Street has identified a major flaw in Plaintiffs' Complaints that needs to be corrected before these cases can proceed in a meaningful way.  The Court's criticisms of Plaintiffs' Complaints that will follow apply to each Count in Plaintiffs' Complaints, including Counts I, II, III, IV, and XII, which also suffer their own specific defects.

Accordingly, the Court will address the general pleading defects that permeate the entirety of Plaintiffs' Complaints before addressing the handful of specific problems presented in Counts I, II, III, IV, and XII.


A. <u>General Pleading Defects in Plaintiffs' Complaints</u>

At Counts Five through Eleven of Plaintiffs' Complaints, ING and Locust

Street lob the general criticism that they are overly vague in light of the fact that there are several distinct Defendants in this case.  The Court agrees.  Indeed, each Count of Plaintiffs' Complaint suffers from this defect.  Plaintiffs will need to amend their Complaints to present a clearer picture of their respective cases.

Because no heightened pleading standard applies to Counts Five through Eleven, they are subject to dismissal only if they do not meet the pleading requirements of Rule 8(a).  Rule 8(a) merely requires "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that suffices to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>,  355 U.S. 41, 47 (1957); <u>In Re Tower Air, Inc.</u>,  – F.3d –, 2005 WL 1813272, * 5 (3d Cir. 2005).  In practice, this means that a plaintiff need plead only "basic facts," <u>In Re Tower Air</u>, 2005 WL 1813272, * 5, and "'[i]f more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules.'"  <u>Id.</u> (quoting <u>Alston v. Parker</u>, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (citing <u>Swierkewicz v. Sorema</u>, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define disputed facts and issues and to dispose of unmeritorious claims."))).

Plaintiffs' Complaints have pushed the liberal pleading standards to their limits.  It is debatable whether the Complaints satisfy Rule 8(a) given the complete lack of precision in the pleadings and the real possibility that Defendants cannot determine the

breadth of the potential liability they face.  Nonetheless, the Court will not dismiss the

Complaints.  The Complaints suffer from other pleading defects that, if remedied, will

likely bring greater clarity to these cases, which, as of now, are mired in vagueness and

ambiguity.[3]  Specifically, the Complaints do not conform to the requirements of Rule

10(b).  That rule provides

> [a]ll averments of claim or defense shall be made in numbered paragraphs, the
> contents of each of which shall be limited as far as practicable to a statement
> of a single set of circumstances; and a paragraph may be referred to by number
> in all succeeding pleadings.  Each claim founded upon a separate transaction
> or occurrence and each defense other than denials shall be stated in a separate

---

[3]  The Court's reluctance to dismiss Plaintiffs' Complaints based on their ambiguity and
vagueness is informed by the relatively recent decision by the Third Circuit in Alston v. Parker.
In Alston, the district court dismissed a pro se prisoner's complaint that, as the Third Circuit
described it, "made little sense" and lacked "clarity."  Alston, 363 F.3d at 234 & 234 n.7.  The
district court dismissed the complaint for failing to conform to a heightened pleading standard for
civil rights complaints.  Id. at 233.  Holding that no such pleading requirement exists in civil
rights cases, the Third Circuit reversed.  Id.  Its discussion of the pleading requirements imposed
by the Federal Rules as well as the options available to courts in the face of incoherent
complaints is particularly instructive for this case.  The court explained that in the face of this
complaint that made little sense, "the parties and the District Court still had several procedural
tools at their disposal.  The Defendants, or the District Court on its own initiative, may have
sought a more definite statement to resolve any ambiguity or vagueness.  Fed. R. Civ. P. 12(e)."
Id. at 234 n.7.  As an alternative to those procedures, "the District Court could have dismissed
the complaint without prejudice permitting Alston to amend the complaint to make it plain."  Id.
Nonetheless, and even though the court found that the complaint probably met the requirements
of Rule 8(a), it conceded "that Alston's complaint may have lacked enough detail to have served
its function as a guide to discovery."  Id.  This shortcoming left the court doubtless "that the
complaint will require amendment."  Id.

The lesson from the Alston opinion is that a Rule 12(b)(6) motion directed at a poorly
drafted complaint–even a complaint that makes no sense–does not present a district court with an
"all or nothing" proposition.  That is, district courts need not choose sides.  Rather, they must
employ the appropriate procedural tools that will speed the case to an efficient and fair
resolution.  For that reason, the Court will choose its own course in response to the present
12(b)(6) motion.

count or defense whenever a separation facilitates the clear presentation of the
matters set forth.

Fed. R. Civ. P. 10(b).

Rule 10(b) is "designed to achieve clarity and simplicity in the pleadings."
5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1324 (3d
ed. 2004) (citing Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364
(11th Cir. 1996)).  Courts may require repleading pursuant to Rule 10(b) when three
circumstances are present: "[1] where multiple claims are asserted, [2] where they arise
out of separate transactions or occurrences, and [3] where separate statements will
facilitate a clear presentation."  Bautista v. Los Angeles County, 216 F.3d 837, 840-41
(9th Cir. 2000) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1324 (2d ed. 1990)).  "The purpose of the requirement of separate counts is
to clarify the issues and simplify the trial . . . ."  Williamson v. Columbia Gas & Elec.
Corp., 186 F.2d 464, 469 (3d Cir. 1951); accord Bautista, 216 F.3d at 841 ("[S]eparate
counts permit pleadings to serve their intended purpose to frame the issue and provide the
basis for informed pretrial proceedings.").  When a complaint is brought against several
distinct defendants, "separate statements with regard to each defendant are particularly
helpful in apprising the individual defendants of claims pertaining only to them . . . ."  5A
Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1324 (3d ed.
2004) (citing, inter alia, Barnard v. Pa. Range Boiler Co., 32 F.R.D. 58, 59 (E.D. Pa.
1962) ("Even a cursory reading of the disputed averments in paragraphs 6 and 7 show a

9

haphazard intermingling of negligence allegations with breach of warranty claims. This makes it extremely difficult if not impossible for each of these four defendants to answer this Complaint. Some may be only guilty of negligence and others may be only guilty of breach of warranty. This pleading is not within the spirit and intent of F.R.C.P. 10(b).") (citing Coral Gables, Inc. v. Skehan, 47 F. Supp. 1 (D.N.J. 1942))).

Plaintiffs' Complaints in this matter present an excellent case for enforcing Rule 10(b) and requiring repleading.  First, each group of Plaintiffs has filed an identical twelve-count Complaint against the same seven Defendants.  Second, from the opening paragraphs of the Complaints, it appears each Defendant was involved in the alleged torts at different times, owing to the fact that each Defendant allegedly employed Tunnicliffe during different, though sometimes overlapping, periods.  Thus, the claims against any given Defendant will necessarily involve a transaction or occurrence separate from the transaction or occurrence that forms the basis of the claims against any other Defendant. But the Complaints make no such distinction between the actions of Defendants; rather the Complaints repeatedly allege wrongdoing by "defendants," without further explanation or distinction.[4]

That the claims against each Defendant involve distinct transactions or occurrences is irrefutably clear from Plaintiffs' briefs in opposition to the motions to

---

[4]  The example of Count VI, which contains claims for negligence, is illustrative of this point.  That Count alleges only that "[t]he defendants were reckless and/or failed to exercise reasonable care," causing damage to Plaintiffs.

dismiss by ING and Locust Street.  In defense of their non-fraud-based claims, Plaintiffs explain–repeatedly–that Defendants are vicariously liable for the acts of Tunnicliffe and the claims against them are, therefore clear and easy to discern in light of each Count's incorporation of the detailed factual allegations found in the opening part of the Complaints.  This theory of vicarious liability–a theory not mentioned in the Complaints–makes it all the more necessary to require repleading of the current complaints with separate counts for each set of operative facts. For, under such a theory, Defendants are potentially liable only during the period Tunnicliffe was their agent, meaning that each Defendants' liability will center on different events, times, and circumstances.

Finally, the pleading of separate counts will greatly facilitate clear presentation of the issues in this case.  As the current Complaints currently read, all Defendants are alleged to be liable for all acts or omissions that caused injury to Plaintiffs, regardless of when the injuries occurred.  Inasmuch as Plaintiffs admit that this is not the case, some clarification is warranted.  Therefore, Plaintiffs will need to plead the liability of Defendants in separate counts; but only to the extent that a Defendant's liability arises out of a separate transaction or occurrence.  If certain Defendants are liable for the same transaction or occurrence, then Plaintiffs should indicate as much in their Complaints.  In that case, pleading a claim against several Defendants in a single count would not run afoul of Rule 10(b).

Additionally the Court notes, as did Plaintiffs, that the Complaints in this matter were originally filed in state court and thus were not subject to the pleading requirements of the Federal Rules of Civil Procedure.  Rule 81(c) addresses just such a situation and provides that "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. *Repleading is not necessary unless the court so orders*."  Because repleading in this group of cases will greatly clarify the disputes between Plaintiffs and Defendants, it is appropriate that the Court order Plaintiffs to replead so that their Complaints conform to the Federal Rules of Civil Procedure.[5]

The Court will now turn to Counts I, II, III, IV, and XII and address the more specific arguments of ING and Locust Street for why these Counts should be dismissed.  As stated, Plaintiffs will need to replead Counts I, II, III, IV, and XII for the reasons already discussed.  The discussion that follows will highlight additional deficiencies that will also need to be remedied in an amended complaint.

## B.  Counts I & II–Fraud

ING and Locust Street argue that Counts I and II of Plaintiffs' Complaints

---

[5]  The pleading requirements of Rule 10(b) were not raised by ING and Locust Street, but rather by the Court.  Though Rule 10(b) does not provide a mechanism for its enforcement, enforcing the Federal Rules, especially those rules designed to further the goal of efficient litigation of cases, is within the Court's inherent powers.  See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1324 (3d ed. 2004) (citing cases).

fail to plead fraud with the specificity required by Fed. R. Civ. P. 9(b).  The Court agrees.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity."  In the Third Circuit, a

plaintiff can meet this heightened pleading standard by alleging the identity of the person

who made the alleged misrepresentation, the general content of the misrepresentation,

along with the date, place, and time the misrepresentation was made.  Lum v. Bank of

America, 361 F.3d 217, 224 (3d Cir. 2004) (citation omitted).  Alternatively, where the

date, place, and time are not alleged, plaintiffs can nonetheless satisfy Rule 9(b) by

"'injecting precision and some measure of substantiation into their allegations of fraud.'"

Id. (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,742 F.2d 786, 791 (3d

Cir. 1984)).

       The allegations in Counts I and II fall well-short of meeting the

requirements of Rule 9(b).  Paragraph 32 under Count I of Plaintiffs' complaints states,

"[t]he defendants, including their employee . . . Gary S. Tunnicliffe, for the purpose and

with the intent of inducing plaintiff to make certain contracts, and to transfer plaintiff's

retirement and/or inheritance account(s) to defendant(s), made certain misrepresentations,

explicit and implied."  This paragraph fails to inject any precision into Plaintiffs'

allegations of fraud and obviously fails to include the date, time, and place the alleged

misrepresentations were made.  Actually, it is unclear from this paragraph whether there

were several fraudulent statements made by several different Defendants or simply one

fraudulent statement made by Tunnicliffe.

And if there was only one fraudulent statement, or even if there were several, there is no way to determine from the Complaints, which Defendant would be liable for that statement, if at all.  That is, each Defendant employed or had an affiliation with Tunnicliffe at various times, with Defendant MetLife being the first to employ him.  Although there may have been some overlap, Tunnicliffe appears to have skipped from employer to employer in his approximately six years in the financial services industry.  Given the assortment of date ranges for Tunnicliffe's employment with each Defendant, it is critical for one defending this action to know when the alleged misrepresentations were made.  For instance, if the fraudulent statements were made only in the year 2002, then Locust Street and ING would appear to have no connection whatever to such statements and, therefore, need not concern themselves with defending against Plaintiffs' claims of fraud.

Therefore, in addition to repleading Counts I and II so that they conform to Rule 10(b), Plaintiffs will need to amend their pleadings to conform to the more demanding Rule 9(b).

C.  Count III--Securities Fraud

Count III of Plaintiffs' Complaints is inadequate for essentially the same reasons as Counts I and II.  In paragraph 41 under Count III of their Complaints,

14

Plaintiffs allege that

> [w]ith regard to the plaintiffs' accounts, the defendants have failed to comply with the laws of the United States and the laws of the State of New Jersey, including but not necessarily limited to the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Company Act of 1940, the Investment Advisors Act of 1940, and the Uniform Securities Law (1997) (N.J.S. 49:3-47 *et seq.*), as well as regulations promulgated thereunder.

Paragraph 42 explains, simply, "[a]s a result of the foregoing, the plaintiffs have been damaged." The most obvious problem, as Locust Street and ING point out, is that claims for securities fraud also must also be plead with particularity. See Cal. Pub. Employees Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 144-45 (3d Cir. 2004) To be precise, the arguments of Locust Street and ING are premised on their speculative assumption that Count III is meant to "assert violations of Rule 10(b), Rule 10b-5, and/or § 20(a) of the 1934 Act and Rule §§ 11 and 12 of the 1933 Act as these provisions provide for a private right of action." (Def. Brief at 8). Rather than contradict this assumption, Plaintiffs counter with two arguments. First, they contend that their Complaints satisfy the requirements for pleading securities fraud. Second, they explain that "[i]t is not alleged that the moving defendants made untrue statements, but rather that they are vicariously liable for untrue statements made by" Tunnicliffe. In the very next sentence of their briefs, Plaintffs argue that, in any event, their Complaints satisfy the pleading requirements for securities fraud "if necessary, for the following reasons: The Complaint alleges that Mr. Tunnicliffe and his employers provided false account statements . . . which showed investments that did not exist and funds that had been

15

stolen."  Plaintiffs further explain that "the reason this was misleading is self-evident.
They were written lies in furtherance of theft by fraud."

   A claim for securities fraud brought pursuant to the Securities Exchange
Act of 1934 is subject to two somewhat overlapping pleading standards: Rule 9(b) and the
PSLRA, at 15 U.S.C. §§ 78u-4(b)(1) & (b)(2).  Specifically, a claim for securities fraud
under the 1934 act must (1) "specify each statement alleged to have been misleading," (2)
specify "the reason or reasons why the statement is misleading," and (3) "if an allegation
regarding the statement or omission is made on information and belief, the complaint
shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-
4(b)(1).  These pleading requirements are in addition to the Rule 9(b) requirements and
are a manifestation of Congress's intent to "substantially heighten the existing pleading
requirements."  Cal. Pub. Employees, 394 F.3d at 144-45 (citation and internal quotations
omitted).  Complaints that do not meet these requirements are subject to dismissal.  Id. at
144.

   Plaintiffs' Complaints are far too ambiguous to satisfy the foregoing
pleading requirements under the PSLRA, and their arguments to the contrary have served
only to make their pleadings less, not more, clear.  First, the Complaints at Count III do
not satisfy the requirements of Rule 9(b).  Though concise, Count III is completely
lacking in precision.  The reader, after examining Count III, is left to wonder who exactly
made fraudulent statements, what those fraudulent statements were, when they were

uttered, and where they were either uttered or heard.  Plaintiffs' attempts to clarify the

"who" part of this question are unavailing.  As explained above, Plaintiffs contend that

they are pursuing claims against Defendants only on a theory of vicarious liability for

Tunnicliffe's untrue statements.  Plaintiffs then explain that the pleadings are, in any

event, sufficient because they allege Tunicliffe <u>and</u> his employers provided false account

statements.  If Plaintiffs are pursuing claims on a theory of primary, not vicarious,

liability, then they need to identify in their Complaints which Defendants provided false

account statements, when they were provided, what information within the statement was

false, why it was false, etc..  As of now, Plaintiffs have set forth the rather unspecific

averments that Tunnicliffe and his employers have lied.  Even if Plaintiffs' positions will

be that the named Defendants are liable only vicariously for Tunnicliffe's untrue

statements, their pleadings are still inadequate.  Again, there are no dates in the pleadings

under Count III and therefore no way to tell which Defendant employed Tunnicliffe at the

time he made any misrepresentation.

Moreover, no matter the theory Plaintiffs wish to pursue, it remains that

they have failed to specify the contents of any of the allegedly misleading statements and

have failed to specify why the statements were misleading.  Plaintiffs contend that an

account statement that reflects a positive balance is self-evidently misleading when there

is, in fact, no money in the account.  Their logic is appealing; but Plaintiffs have not

included such an explanation in their Complaints, which is required; and even if this

17

explanation were included in Count III, that would not save it because there are no other pertinent details of the alleged misleading account statements.

For these reasons, Plaintiffs must Amend Count II so that it conforms to Federal Rules of Civil Procedure 9(b) and 10(b) and the PSLRA.[6]

### D.  Count IV--Violations of Rules and Regulations of NASD and NYSE

The arguments of ING and Locust Street regarding Count IV of Plaintiffs' Complaints are easily disposed of.  ING and Locust Street accurately point out that Count IV includes allegations that Defendants violated the rules and regulations of the NASD and NYSE, two Self Regulatory Organizations ("SROs").  ING and Locust Street also accurately point out that violations of any such rules or regulations do not give rise to a private cause of action.  See Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 200 (3d Cir. 1990).  Plaintiffs concede as much but argue that violations of the rules and regulations of these SROs "are evidence of negligence, and provide a standard of care for brokerage firms in the securities industry."  And further, Plaintiffs contend, the argument of ING and Locust Street overlooks the allegations in Count IV that Defendants also violated rules and regulations of the Securities and Exchange Commission, which clearly gives rise to a private cause of action.  Notably, ING and Locust Street do not contest the

---

[6]  In Count III, Plaintiffs allege that Defendants violated several other federal securities laws and a New Jersey law in addition to the violation of the 1934 Act violations addressed above.  Though those claims were not specifically addressed in this Opinion, Plaintiffs will need to plead any allegation of fraud with particularity.  Fed. R. Civ. P. 9(b).

sufficiency of the allegations supporting a cause of action for violation of SEC rules and regulations.

It appears that the parties do not actually disagree on the legal sufficiency of Count IV.  That is, they agree there is no cause of action for violations of SRO rules; and ING and Locust Street do not contest the sufficiency of a cause of action based on violations of SEC rules.  The remaining issue from Count IV is thus easily framed: whether Defendants violated an applicable SEC rule.  Evidence that Defendants violated rules or regulations of a relevant SRO may help Plaintiffs prove their SEC-based claims. But the utility of those rules and regulations stretches no further.  Accordingly, the Court will deny the motions by ING and Locust Street to dismiss Count IV of Plaintiffs' Complaints.  As with all Counts in the Complaints, Plaintiffs must replead this Count to comply with Rule 10(b).

E.   New Jersey Consumer Fraud Act

ING and Locust Street argue that Count XII of Plaintiffs' Complaints should be dismissed because the New Jersey Consumer Fraud Act does not create a cause of action based on fraud in connection with the sale of securities.  Plaintiffs seem to agree with this legal proposition but counter that the Consumer Fraud Act does apply to the sale of insurance products.  Thus, say Plaintiffs, their allegations that Tunnicliffe was licensed to sell insurance as well as securities are sufficient to withstand a motion to dismiss.

19

Plaintiffs also contend that because New Jersey permits a plaintiff in a breach of contract suit to seek an admission from a defendant regarding whether a contract was formed and what the nature of that contract was, it may be that Tunnicliffe will admit that he presented Plaintiffs with contracts for insurance.

This latter argument is irrelevant to the legal validity of Count XII because Count XII does not allege breach of contract and Tunnicliffe is not a defendant in this case.  More to the point, there are no allegations that any Defendant violated the Consumer Fraud Act through the sale of an insurance product.  Because the Complaints allege only the sale of securities products, and because the Consumer Fraud Act does not create a cause of action for the sale of securities products, Stella v. Dean Witter Reynolds, Inc., 574 A.2d 468, 478-79 (N.J. Super. App. Div. 1990), the Court will dismiss Count XII of Plaintiffs' Complaints.

## IV.  CONCLUSION

For the reasons stated above, the motions to dismiss will be denied on all Counts, except Count XII, which will be dismissed.  Plaintiffs must, however, amend[7]

---

[7]  As an additional response to the current motions to dismiss, Plaintiffs have moved to amend their Complaints.  Plaintiffs' motions to amend are procedurally infirm: there is no proposed amended complaint attached to the motions as required by Local Civil Rule 7.1(f) (formally 7.1(e)(2)).  The purpose of Local Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading.  See P. Schoenfeld Asset Mgt. v. Cendant Corp., 142 F. Supp. 2d 589, 622 (D.N.J. 2001).  So, instead of simply granting leave to amend, the Court will order Plaintiffs to amend in accordance with this Opinion, under pain of dismissal.  The motions to amend will, therefore, be denied.

their Complaints consistent with this Opinion and the Federal Rules.  An appropriate

Order will follow.


                                                    s/Robert B. Kugler
Dated:  8-16-05                                      ROBERT B. KUGLER
                                                    United States District Judge


21